UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JUAN VALLEJO–FLORES,<br><br>Petitioner,<br><br>v.<br><br>TODD BLANCHE, et al.,<br><br>Respondents. | Case No. 2:26-cv-02996-TMC<br><br>ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR WRIT OF HABEAS CORPUS |

## I. INTRODUCTION AND BACKGROUND

Petitioner Juan Vallejo-Flores is a 38-year-old citizen of Mexico. Dkt. 9-1 at 2. Petitioner entered the United States without inspection on July 31, 2001. Dkt. 4 at 6. He was arrested by Border Patrol agents and voluntarily returned to Mexico before later re-entering without detection. Dkt. 9-1 at 3. Over the past 25 years of living in this country, Petitioner has married a U.S. citizen and fathered two U.S. citizen children. Dkt. 10 at 2. On March 30, 2018, Petitioner applied for a "Provisional Unlawful Presence Waiver" with U.S. Citizenship and Immigration Services ("USCIS").[1] Dkt. 8 ¶ 5. On August 29, 2018, USCIS granted the waiver. *Id.* ¶ 6.

[1] This form, discussed below, is used when a noncitizen is seeking to obtain an immigrant visa as the relative of a U.S. citizen. *See Gonzalez v. Moran*, 724 F. Supp. 3d 1203, 1206 (E.D. Wash. 2024).

On December 16, 2025, Petitioner was arrested by the Salem (Oregon) Police Department for second degree assault and failure to appear. *Id.* ¶ 7. The record does not disclose whether this arrest led to a conviction. On December 17, immigration officials filed a detainer with the Marion County (Oregon) Jail, seeking to take Petitioner into custody when he was released from the jail. *Id.* ¶ 8. However, the jail did not notify immigration officials when they released Petitioner. *Id.* On May 18, 2026, Immigration and Customs Enforcement ("ICE") agents arrested Petitioner after he left his home in Oregon and transferred him to the Northwest ICE Processing Center in Tacoma, Washington, where he remains detained. Dkt. 4 at 6.

On August 14, 2026, an Immigration Judge ("IJ") denied Petitioner's application for relief and ordered Petitioner removed to Mexico. Dkt. 8 ¶ 11. Petitioner filed an appeal with the Board of Immigration Appeals ("BIA") on August 25, 2026. *Id.* ¶ 12. The appeal remains pending. *Id.* Petitioner has not requested that his initial detention be reviewed by an IJ. *Id.* at 13.

On August 28, Petitioner filed this petition for a writ of habeas corpus. Dkt. 4. On September 11, Respondents filed a response. Dkt. 7. On September 25, Petitioner filed a traverse. Dkt. 10. This matter was reassigned to the Court on September 30 and is ready for review. For reasons explained below, the Court will GRANT in part and DENY in part the petition for a writ of habeas corpus.

## II. LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). Habeas petitioners must prove by the preponderance of the evidence that they are "in custody in violation of the Constitution or laws or treaties of the United States." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c)(3).

## III. DISCUSSION

Respondents concede that Petitioner is a Bond Denial Class member in *Rodriguez Vazquez v. Bostock*, 802 F. Supp. 3d 1297 (W.D. Wash. 2025). Dkt. 7 at 2. Noncitizens "present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)." *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1165 (9th Cir. 2026). Members of the *Rodriguez Vazquez* class are entitled to a bond hearing under § 1226.

Petitioner agrees that he is a member of the *Rodriguez Vazquez* class. Dkt. 10 at 2. But he argues that he should be released because his due process rights were violated when ICE arrested him without providing an opportunity to be heard beforehand. *Id*. Central to Petitioner's argument is the fact that in 2018 he applied for and was granted an "I-601A Provisional Unlawful Presence Waiver" ("Waiver") by USCIS. *Id.* Petitioner contends that this document reflects the government's assessment that he was eligible for release because he was neither a flight risk nor a danger. *Id.* This assessment, Petitioner asserts, gives him a strong liberty interest under *Mathews v. Eldridge*, 424 U.S. 319 (1976), which the government cannot revoke without affording him an opportunity to be heard. *Id.*

Petitioner's due process argument fails because he overstates the significance of the Waiver. As Judge Shea explained in *Gonzalez v. Moran*, 724 F. Supp. 3d 1203, 1206 (E.D. Wash. 2024):

> The filing of the I-601A application is a necessary step in the immigration process because, by remaining in the United States, the noncitizen is at odds with other immigration laws. A noncitizen who has been unlawfully in the United States for more than 180 days is deemed inadmissible for immigration benefits for a specified period of time following her departure or removal from the United States—and as discussed below, she must depart the United States as part of the process to obtain an immigrant visa. So, a noncitizen who remains in the United States with her U.S. citizen/LPR family member for 180 days or more must seek relief from being

> deemed inadmissible by filing an I-601A application with USCIS. *To establish eligibility for an I-601A waiver, the noncitizen "immigrant relative" must show that she is "the spouse or son or daughter of a United States citizen or" LPR and that refusing them entry "would result in extreme hardship to the citizen or lawfully resident spouse or parent" of the noncitizen.*

724 F. Supp. 3d at 1207 (citing 8 U.S.C. § 1182(a)(9)(B)(v)) (emphasis added).

Thus, the determination by USCIS that Petitioner was eligible for the Waiver does not reflect a decision by immigration officials that Petitioner was neither a flight risk nor a danger. Nor does it create, as Petitioner puts it, a "reliance interest" that "immigration authorities would not revoke his liberty." Dkt. 10 at 3. Petitioner's detention without prior notice or an opportunity to be heard therefore did not violate his due process rights and he is not entitled to immediate release.

As Respondents acknowledge, Petitioner is entitled to contest his detention at a bond hearing before an Immigration Judge ("IJ"). If he is denied bond, Petitioner may appeal the IJ's decision to the Board of Immigration Appeals or if he can show that such an appeal would be futile, *see Vasquez-Rodriguez v. Garland*, 7 F.4th 888, 896 (9th Cir. 2021), he may file another habeas petition in federal court challenging the IJ's decision as an abuse of discretion. *See Martinez v. Clark*, 124 F.4th 775, 782 (9th Cir. 2024).

## IV. CONCLUSION

For the reasons explained above, the Court ORDERS as follows:

1. The petition for writ of habeas corpus (Dkt. 4) is GRANTED in part and DENIED in part.

2. Within 14 days of this Order, Respondents must either release Petitioner or provide him a bond hearing before an Immigration Judge under 8 U.S.C. § 1226(a).

3. This order does not prevent an Immigration Judge from granting a continuance in Petitioner's bond proceedings at his request.

4. If released, Respondents must return to Petitioner any personal property, including any personal identification document (other than a passport) and any employment authorization document.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at the party's last known address.

Dated this 7th day of October, 2026.

Tiffany M. Cartwright
United States District Judge